By the Court.

This is an appeal from a judgment of the parish court oí New-Orleans, ren. dered, on the 1st of August last, on a general verdict, found in favour of the defendant, the present appellee.
It appears that when the record was sent up the statement of facts required by law was not annexed to it: but that, subsequently, viz. on the 24th of November, a statement offsets was made find signed by the parish judge.
It has been alleged by the appellee that this statement of facts is inadmissible, because the act to organise the supreme court and to establish courts of inferior jurisdiction, requires such statement to be made before the judgment of the inr ferior court, and that this1 indispensable part of the proceedings being wanting, the appeal ought consequently to be dismissed. On the other hand, the appellant has contended that the words of the law are not so restrictive, but only require the statement to be made, at any time before the judgment of this court.
This being a question of general practice, very interesting to suitors, and the decision of which may have considerable influence, on the administration ice, the court bestowed on it a most se*> . *202 rious attention: but, if after the judgment which they are about to give, some of the -inconveniences, attending the present mode of proceeding, still remain, the remedy must be sought some- , , where else. '
TheRe appears, indeed, at first view to exist some ambiguity of phraseology in the eleventh section of the judicial act, which treats - of this subject. But a closer examination of it, and a due regard for the principles on which it is pre - dicated, will remove the doubts which have occur-ed.
The intention of the framers of our constitution, and of the legislators, who have organized the government, under it, has evidently been to vest this court, with such jurisdiction, as would enable it to revise causes, not in part, but in the whole. In order to do that, it was necessary that a complete record should in each case, come before it.- This could be easily done, with respect to so much of the case, as was exhibited in writing, before the inferior court. The difficulty was to establish a convenient mode, of laying before the court of appeals, such parts of the evidence as had been received from the mouths of witnesses. In a country, where the trial by jury requires the witnesses to be produced personally in court, the recording of this testimony, for the use of the court of appeals, could be done only in *203 one of two ways. The first, and no doubt the safest, was to have all the testimony reduced to writing; in open court ; the other, to cause an abstract ol the material tacts ol that testimony to be . drawn. The legislature apprehensive, probably, of the infinite trouble and waste of time, which would attend the first of these two modes, gave the preference to the second, as of a more easy and expeditious performance. But, at the same time they provided, that the abstract of that testimony should be made, at any time before judgment. This recommendation is for some purpose. But what can that purpose be, unless to secure the recording of the facts, before the recollection of them can bé lost ? And how will that object bé attained, if the statement, of facts is made at any time before the judgment of the Supreme Court ? Months, nay years, may elapsé between the judgment of a case in the inferior court, and the revision of it in the court of appeals. Shall the fate of a cause, upon which will sometimes hang the whole fortune of the phrty, rest upon the frailty of human memory—upon the memory not of many, but of a solitary individual before whom continually passes a series of business, which must have the effect more or less to obliterate one another in succession ? Would it be consistent with prudence and justice to trust any cause to the hazard of such récolléction, when we all know that the mutilation of one single fact *204 may mili the best of claims. Sürelyúot: and is the evil, which the legislature has provided gainst, by ordering the facts to be recorded at any time, before the judgment of the inferior court<
Again, suppose the Judge of, the inferior court die, or resign, before the statement of facts is made, what is to become of the cause ? Shall it be tried a new, after judgment, or shall the appeal be dismissed for want of that statement ?
In whatever light, the subject is considered, it is evident that the law requires the statement of facts to be made before the judgment of the inferior court, whilst every fact is fresh in the memory of the Judge and of the parties; while in case of doubt the witness may be had to explain his testimony, and while the same Judge, who heard the cause, occupies the bench of the court, where the judgment is given. The making of that statement before judgment may, indeed, be troublesome and inconvenient; but, certainly, much less than reducing to writing all the testimony, for Which it is a substitute. Besides, the inebnve-niency is considerably lessened, by the facility which the law gives, of making the statement at any moment, before the signing of the judgment; at which time only the judgment can be consider-Ned as complete. -
*205 It is, upon the whole, the opinion óf this eóttft, that they cannot take cognizance of an appeal, unless the statement of facts is laid before them, or unless it may be made appear to them that the record contains ail the facts of the case—-that the statement ought to be made at any time before the judgment of the inferior court is actually signed» that a statement made subsequently, unless by Consent of the parties, is inadmissible.
It is therefore ordered and decreed that the appeal be dismissed.